UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DABEYBA HEINSEN, Plaintiff, | : | **COMPLAINT** |
| -against- | : | **Jury Trial Demanded** |
| THE ONE GROUP LLC, Defendants. | : | |

Plaintiff, Dabeyba Heinsen, by her attorneys, the Law Offices of Russell E. Adler PLLC, for her complaint against Defendant, The ONE Group LLC, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of The ONE Group LLC and seeks recovery of overtime pay under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") as well as damages for violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") for retaliatory termination following Plaintiff's complaints of sexual harassment.

**THE PARTIES**

2. Plaintiff, Dabeyba Heinsen, is and was at all times relevant in this action an individual residing in the state of New York.

3. Defendant, The ONE Group LLC ("TOG") is a New York Limited Liability Corporation with its principal place of business located at 411 W. 14th Street, 3rd Floor, New York, New York 10014.

4. TOG is a wholly-owned subsidiary, division or affiliate of One Group Hospitality, Inc. a publicly traded company.

5. Defendant owns and operates restaurants throughout the United States and in several locations internationally under the brands STK, Asellina, Bagatelle, Gansevoort Park Rooftop, Heliot Steak House, One Manhattan, and Radio.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## FACTS

### A. Unpaid Overtime

8. Ms. Heinsen commenced employment with TOG in March 2007.

9. Ms. Heinsen was originally employed in TOG's Florida office, but she relocated to New York and was transferred to the New York office in November 2013.

10. Ms. Heinsen was employed as an accounts payable clerk.

11. At all times during her employment, Ms. Heinsen performed her duties at or above TOG's expectations.

12. Ms. Heinsen was paid $1,127.6 on a weekly basis ($58,635.20 per annum).

13. TOG characterized Ms. Heinsen as exempt from overtime pay pursuant to the administrative exemption.

14. Based on her duties, however, Ms. Heinsen was not an exempt administrative employee and she was eligible for overtime pay for all hours worked in excess of 40 each workweek pursuant to the FLSA and NYLL.

15. Ms. Heinsen's duties were predominantly low-level clerical work; the majority of her working time was spent sorting invoices for TOG's various locations and engaging in data entry and clerical functions related to such invoices.

16. Ms. Heinsen had no discretion or independent judgment regarding the performance of her duties; all discretionary matters of any significance were reserved for the individuals to whom Ms. Heinsen reported.

17. Ms. Heinsen never received overtime pay during her employment

18. As a result of her non-exempt status, Ms. Heinsen is due overtime pay for all hours worked in excess of 40 each workweek.

19. TOG did not keep contemporaneous records of Ms. Heinsen's work hours.

20. Ms. Heinsen's typical workday was between 9 to 10 hours and she was frequently required to work in the evenings and on weekends to complete her assigned tasks. TOG was aware that Ms. Heinsen was working the foregoing hours.

21. Plaintiff estimates she worked eight (8) hours of overtime each workweek during the period she was employed in New York (November 2013 through February 2017), resulting in approximately 1,350 hours of uncompensated overtime pay.

**B. <u>Retaliation</u>**

22. Ms. Heinsen was supervised by, among others, Saul Peralta.

23. Mr. Peralta frequently made sexually inappropriate remarks to Ms. Heinsen regarding, for example, her appearance or regarding her dating relationships. On numerous occasions, Mr. Peralta danced and gyrated in a sexual manner behind Plaintiff's workstation.

24. In or about November 2016, while Ms. Heinsen was attending a wedding, Mr. Peralta made repeated requests via text message that Ms. Heinsen send him pictures of Ms. Heinsen in a bikini.

25. In or about November 2016, Ms. Heinsen reported Mr. Peralta's conduct to TOG's human resources department.

26. Upon information and belief, TOG's human resources department investigated Ms. Heinsen's allegations.

27. In or about early December 2016, Mr. Peralta's employment was terminated.

28. Starting in the summer of 2016, Ms. Heinsen's workload was steadily increasing as a result of the resignation and/or termination of several of Ms. Heinsen's colleagues. Ms. Heinsen repeatedly asked for support and guidance to assist with her workload, but her requests were

ignored.

29. On February 27, 2017, three months after of her sexual harassment complaint and in the absence of a history performance deficiencies, Ms. Heinsen was told her employment was being terminated for performance reasons.

30. Despite the allegation of deficient performance, in her March 2016 performance review, the last evaluation she received before her termination, she received ratings of "4" or "5" (out of a possible 5) in all categories.

**FIRST CLAIM FOR RELIEF**
**29 U.S.C. § 201 et seq.**
**The Fair Labor Standards Act ("FLSA")**

31. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

32. Defendant employed Plaintiff within the meaning of the FLSA.

33. During her employment, Plaintiff was entitled to overtime pay at one and one-half her regular rate for all hours in excess of 40 each workweek.

34. Defendant's characterization of Plaintiff as an exempt administrative employee was not made in good faith, but to avoid overtime pay obligations.

35. Defendants knowingly and willfully violated the FLSA by mischaracterizing Plaintiff as an exempt administrative employee.

36. Plaintiff is also entitled to recovery of her attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**New York Labor Law ("NYLL")**

37. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

38. At all relevant times in this action, Defendants employed Plaintiff within the meaning of the NYLL.

39. During her employment, Plaintiff was entitled to overtime pay at one and one-half her regular rate for all hours in excess of 40 each workweek.

40. Defendant's characterization of Plaintiff as an exempt administrative employee was not made in good faith, but to avoid overtime pay obligations.

41. Defendants knowingly and willfully violated the NYLL by mischaracterizing Plaintiff as an exempt administrative employee.

42. Plaintiff is also entitled to recovery of her attorneys' fees and costs pursuant to NYLL § 198.

**THIRD CLAIM FOR RELIEF**
**Retaliation – New York State Human Rights Law ("NYSHRL")**

43. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

44. Plaintiff's complaints regarding sexual harassment by her supervisor constituted protected activity under the NYSHRL.

45. Defendants were aware that Plaintiff engaged in protected activity.

46. As a result of Plaintiff's engaging in protected activity, Plaintiff's employment was terminated.

47. Plaintiff's employment was terminated three months after she made a formal complaint of discrimination, thus establishing a causal connection between Plaintiff's protected activity and the adverse employment action.

48. Defendant's conduct was wonton and willful and taken without regard to Plaintiff's protected rights.

**FOURTH CLAIM FOR RELIEF**
**Retaliation – New York City Human Rights Law ("NYCHRL")**

49. Plaintiff repeats and realleges the allegations set forth above as though fully set

forth herein.

50. Plaintiff's complaints regarding sexual harassment by her supervisor constituted protected activity under the NYCHRL.

51. Defendants were aware that Plaintiff engaged in protected activity.

52. As a result of Plaintiff's engaging in protected activity, Plaintiff's employment was terminated.

53. Plaintiff's employment was terminated three months after she made a formal complaint of discrimination, thus establishing a causal connection between Plaintiff's protected activity and the adverse employment action.

54. Defendant's conduct was wonton and willful and taken without regard to Plaintiff's protected rights.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(a) Unpaid overtime pay for all overtime hours worked;

(b) Liquidated damages equal to 100% of the unpaid overtime pursuant to the FLSA and/or the NYLL;

(c) Damages in an amount to be determined at trial for retaliatory termination pursuant to the NYHRL and NYCHRL

(d) Prejudgment interest in an amount to be determined at trial;

(e) An award of costs and expenses of this action, together with reasonable attorneys' fees, and as authorized by the FLSA and NYLL; and

(f) Such other and further relief as this Court deems just and proper.

Dated: May 22, 2017

LAW OFFICES OF RUSSELL E. ADLER PLLC

By:______________________________

Russell E. Adler
300 Park Avenue, 12th Floor
New York, New York 10022
T: 646.504.3299
russ@radlerlawpllc.com
*Attorneys for Plaintiff*