## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Dabeyba Heinsen ("Heinsen"), and The One Group, LLC ("TOG") (collectively, the "Parties"), to extinguish all obligations and claims as more specifically set forth herein, including claims for attorneys' fees, between Heinsen and TOG to date, up to and through the date of execution of this Agreement.

**WHEREAS**, Heinsen was previously employed by TOG as an Accounting Assistant and her employment terminated on or about February 27, 2017; and

**WHEREAS**, Heinsen instituted an action against TOG in United States District Court for the Southern District of New York, entitled *Dabeyba Heinsen v. The One Group LLC*, Case No. 17-cv-3852, alleging, among other things, that TOG violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") in connection with Heinsen's employment with TOG (the "Action"); and

**WHEREAS**, TOG has denied and continues to deny each and every claim asserted in the Action; and

**WHEREAS**, the Parties wish to avoid the expense and inconvenience of litigation and to fully and finally resolve and settle the Action; and

**NOW, THEREFORE**, for and in consideration of the agreements, covenants, and conditions herein contained, the adequacy and sufficiency of which are hereby expressly acknowledged by the Parties, IT IS HEREBY AGREED AS FOLLOWS:

1.    **NON-ADMISSION**. This Agreement represents a resolution of highly disputed claims. TOG, together with its parent(s), subsidiaries, employees, consultants, contractors, trustees, directors, successors in interests, and affiliates, have denied and continue to deny any liability to Heinsen and any unlawful conduct or wrongdoing toward Heinsen. Nothing contained herein, nor any actions taken by TOG in connection herewith, shall constitute, be constituted as, or be deemed to be an admission of fault, liability or wrongdoing of any kind whatsoever on the part of themselves, individually or collectively. TOG expressly denies any fault, liability or wrongdoing and intends merely to settle and avoid any disputes with Heinsen.

2.    **CONSIDERATION**.

(a)    In consideration for the execution and delivery of this Agreement and the general release and waiver of claims as provided below, within fourteen (14) business days of the Court's approval of this Agreement, TOG shall pay to Heinsen the gross amount of Nineteen-thousand Two-hundred Dollars ($19,200.00) (the "Settlement Amount") in settlement of Heinsen's claims under the FLSA and NYLL. Such Settlement Amount shall be paid as follows:

(i)    One check for Nine-thousand Six-hundred Dollars ($9,600.00), payable to "Dabeyba Heinsen," less all applicable taxes and withholdings, and which will represent back wages and be reported on IRS Form W-2 to Heinsen;

1

4835-6630-7696v.3

     (ii) One check for Nine-thousand Six-hundred Dollars ($9,600.00), payable to "Dabeyba Heinsen," which will represent compensation for alleged liquidated damages in connection with the Allegations, with no taxes withheld and reported on a IRS Form 1099 to Heinsen;

     (iii) Heinsen further agrees and acknowledges that the amount she is receiving for back wages (Nine-thousand Six-hundred Dollars ($9,600.00)) represents more than full payment of any alleged overtime payment or other compensation owed to her, and is payment for any and all hours she worked at TOG;

    (b) The payments of the Settlement Amount as set forth in paragraphs 2(a)(i) and (ii) are contingent on Heinsen's full compliance with all obligations in this Agreement.

    (c) Heinsen understands and agrees that she is responsible for the payment of all taxes due and owing to any governmental authority by reason of the payment of the Settlement Amount..

   **3.** **ACKNOWLEDGMENTS BY HEINSEN.** Heinsen agrees and acknowledges that:

    (a) The Settlement Amount is made in consideration for (i) this Agreement, including full and final satisfaction of all claims in the Action under the FLSA and NYLL, including the Allegations and any claims for attorneys' fees and costs; and (ii) the complete and full release of all claims under the FLSA and NYLL against TOG and the Released Parties arising up to and including the date she executes this Agreement; and

    (b) Heinsen further agrees and acknowledges that the amount she is receiving for back wages (Nine-thousand Six-hundred Dollars ($9,600.00)) represents more than full payment of any alleged overtime payment or other compensation owed to her, and is payment for any and all hours she worked at TOG.

    (c) The Settlement Amount provided to Heinsen under this Agreement (i) is in addition to anything of value to which Heinsen may already legally be entitled to receive and that Heinsen would not receive said consideration but for her execution of this Agreement, and (ii) the Settlement Amount provides valid and sufficient consideration for the Heinsen's undertakings pursuant to this Agreement; and

    (d) Without waiver of the Released Parties' remedies for any breach of this Agreement, all amounts and other benefits due to Heinsen hereunder are expressly conditioned on continued compliance with the terms of this Agreement by Heinsen and any individual or entity acting on Heinsen's behalf; and

    (e) Heinsen is solely responsible for the payment of any fees owed to her attorney; and

    (f) Heinsen agrees that she has received all money, salary, wages, and compensation she is entitled to, and will not seek any further consideration, including any other

2

payment or benefit, from the Released Parties, other than that to which she is entitled to pursuant to this Agreement.

## 4.   GENERAL RELEASE AND WAIVER OF CLAIMS.

(a)     For and in consideration of the Settlement Amount, Heinsen, for and on behalf of herself and her heirs, administrators, executors, and assigns, hereby finally and unconditionally releases and discharges TOG, its direct and indirect parents, subsidiaries and affiliates, together with all of their respective officers, directors, executives, partners, shareholders, members, employees, and agents (collectively, the "Released Parties"), from all Claims in the action under the FLSA and NYLL which she had, may have had, now has, or could have had against TOG, or any of the Released Parties, for or by reason of any matter, cause or thing whatsoever, arising on or prior to the date of Heinsen's execution of this Agreement. This General Release and Waiver of Claims includes, but is not limited to, all Claims under the FLSA and NYLL directly or indirectly arising from or relating to the Action.

(b)     Notwithstanding the foregoing, nothing herein constitutes a release or waiver by Heinsen of: (i) any claim or right based on any facts or set of facts that may arise after the execution of this Agreement; or (ii) any claim or right Heinsen may have under this Agreement.

(c)     Heinsen agrees and covenants that should any person, organization, or other entity file, charge, claim, sue, or cause or permit to be filed any civil action, suit or legal proceeding, or if any person, organization, or other entity has filed, charged, claimed, sued, or caused or permitted to be filed any civil action, suit or legal proceeding, against any of the Released Parties involving any matter occurring at any time in the past, Heinsen will not be entitled to and will not seek or accept personal equitable or monetary relief in such civil action, suit or legal proceeding.

(d)     It is understood that this release does not serve to waive any rights or claims that may arise after the date this Agreement is executed or that, pursuant to law, cannot otherwise be waived or subject to a release of this kind, such as claims for unemployment or workers' compensation benefits. It is also understood and agreed that nothing in this Agreement prevents or prohibits Heinsen from filing a claim with a government entities, including, but not limited to, entities such as the U.S. Equal Employment Opportunity Commission (EEOC). However, Heinsen expressly acknowledges her understanding that, because she is waiving and releasing all claims for monetary damages and any other claims for personal relief, she may only seek and receive non-personal forms of relief through any such claim.

## 5.   COVENANT NOT TO SUE AND OTHER CLAIMS.

(a)     Heinsen hereby represents and warrants that, with the exception of the Action, she has not filed any suit, proceeding, complaint, charge, grievance, arbitration or claim against TOG or any of the Released Parties with any federal, state, or local government agency or court.

3

4835-6630-7696v.3

(b)    Heinsen hereby represents and warrants that she has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any Claim or other matter herein released.

(c)    Heinsen, having received independent legal advice, covenants and agrees that, to the fullest extent permitted by law, Heinsen will not institute nor consent to allow any other person or entity to institute on her behalf, against TOG or any of the Released Parties, any claim, lawsuit, or proceeding with any court or other forum, in any way relating to or arising out of any claim or other matter herein released, including without limitation any claim or claims relating to FLSA Allegations or Heinsen's employment relationship with TOG.

(d)    Heinsen understands and acknowledges that the General Release and Waiver set forth above will completely bar any recovery or relief obtained on her behalf, whether monetary or otherwise, by any person or entity with respect to any of the Claims that Heinsen has released against TOG or any and all of the Released Parties.

(e)    Should Heinsen breach sections (a), (b), or (c) of this paragraph or any part thereof, as determined by a court of competent jurisdiction, Heinsen shall immediately return all monies previously paid hereunder, but this Agreement shall otherwise remain fully in force.

(f)    In the event any action or claim is, nevertheless, brought by any third party purportedly on behalf of Heinsen against any of the Released Parties for acts committed prior to or at the time of the execution of this Agreement, Heinsen hereby agrees that she will take action to dismiss such claim with prejudice, and that Heinsen is entitled to no recovery from such action.

**6.    NEUTRAL REFERENCE.** TOG agrees that, in the event of any inquiry regarding Heinsen's employment, it will provide a "neutral reference," consisting of Heinsen's former title, and dates of employment. Heinsen should refer all such reference requests to TOG.

**7.    NON-PRECEDENTIAL.** This Agreement shall not constitute a precedent with regard to any other party's dealings with TOG, except a proceeding brought to enforce the terms of this Agreement.

**8.    SEVERABILITY.** In the event any paragraph, section, sentence, provision, or clause of this Agreement, or portion thereof, shall be determined to be illegal, invalid, or unenforceable, the remainder of this Agreement, and the remainder of any such paragraph, section, sentence, provision, or clause shall not be affected and shall be given full effect without regard to the illegal, invalid or unenforceable portion, provided, however, if paragraph 4(a) above is held illegal, invalid or unenforceable, TOG shall be released from any obligations under paragraph 2 above.

**9.    CHOICE OF LAW AND FORUM.**

(a)    This Agreement shall be deemed to be made under, and in all respects shall be interpreted, construed and governed by and in accordance with, the laws of the State of New York without reference to its conflict of law principles.

4

(b)     The Parties hereby irrevocably agree to submit to the exclusive jurisdiction of the state and federal courts located in the State of New York.

**10.     CONTRACT INTERPRETATION.** The Parties acknowledge that the headings provided in this Agreement are provided solely for convenience of the reader, in order to assist the Parties in reading and understanding the Agreement, and shall not be construed as affecting the interpretation of the terms of this Agreement.  The language of all parts of this Agreement shall be construed as a whole, according to its plain and ordinary meaning. The Parties have been represented by their respective counsel, and this Agreement shall not be construed against any Party on the basis of authorship.

**11.     REMEDIES.** Heinsen agrees that, in the event TOG breaches any of the provisions of this Agreement, Heinsen's sole remedy for such breach shall be the enforcement of the terms of this Agreement.

**12.     NO WAIVER.** The failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a wavier or relinquishment of any right or power at any other time or times.

**13.     ENTIRE AGREEMENT, NO ORAL MODIFICATION.** This Agreement constitutes the entire agreement between the Parties concerning any and all matters connected to the Allegations, as well as the Parties' obligations to each other regarding the resolution of the disputes covered by this Agreement and supersedes any and all other agreements, express or implied, concerning that subject. Any amendments to or changes in the obligations created by this Agreement shall not be effective unless reduced to writing and signed by all Parties. The Parties acknowledge that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement or warranty which is not contained in this Agreement.

**14.     EXECUTION.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signed and scanned copy shall be deemed as effective as an original.

**15.     ACKNOWLEDGMENT.** Heinsen specifically acknowledges that

(a)     This Agreement is written in a manner that Heinsen understands and that she has carefully read and understood the terms of this Agreement;

(b)     Heinsen has been advised that she has the right to consult with an attorney of her choosing concerning the legal significance of this Agreement, and that she has been represented in the negotiation, preparation, and execution of this Agreement by legal counsel of their own choice, and has had the opportunity to discuss the Agreement fully with her attorney before signing it;

(c)     She has entered into this Agreement knowing and voluntarily, without any compulsion, duress or undue influence from anyone;

5

4835-6630-7696v.3

HEINSEN AGREES THAT SHE HAS BEEN PAID FOR ALL HOURS WORKED AND FOR ALL OVERTIME SHE CLAIMS IS OR WAS OWED TO HER BY TOG.

THIS AGREEMENT, AND THE WAIVER OF CLAIMS HEREIN, HAS BEEN NEGOTIATED AND REVIEWED BY COUNSEL FOR HEINSEN AND TOG.

IN WITNESS WHEREOF, Heinsen has hereunto set her hands, and TOG has caused this Agreement to be executed by its duly authorized agent, all as of the date(s) set forth below. This Agreement shall become effective on the date it is signed by all parties ("Effective Date").

DABEYBA HEINSEN

THE ONE GROUP, LLC

Date: 8/16/18

By: _____
Name: LINDA SILVE
Title: INTERIM CHIEF FINANCIAL OFFICER
Date: 8-17-18

6

4835-6630-7696v.3